# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES BROWN, | Case No. 18-cv-221 (JNE/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| MARK S. INCH, DIRECTOR, FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

Petitioner James Brown filed a Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 challenging the denial of his request for compassionate release from the Bureau of Prisons ("BOP"). [Docket No. 1]. Brown is a prisoner at the Federal Medical Center in Rochester, Minnesota. For the reasons discussed below, it is recommended that the Petition be dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts.[1]

Brown's habeas Petition indicates that he is serving a federal prison sentence that was imposed in the Northern District of Illinois. (Petition, [Docket No. 1], 1). Brown has not provided any information about the nature of his federal criminal case, the length of his sentence, or the expected duration of his confinement.[2]

---

[1] The Rules Governing Section 2254 cases also apply to 2241 petitions. See, Rule 1(b).

[2] A website maintained by the Federal Bureau of Prisons (www.bop.gov) indicates that Brown's projected release date is October 11, 2023.

Brown has a medical "condition [that] is considered terminal with a life expectancy of less than 18 months."[3] Case No. 18-cv-219 (DSD/BRT), [Docket No. 6], 2; see, also, (Case No. 18-cv-221 (JNE/LIB), [Docket No. 5], 3). His "Medical Summary" from the Bureau of Prisons Federal Medical Center indicates that his "overall prognosis is poor" and "that he will likely progress to the need of a lung transplant within the next year." (Id. at 3). Brown therefore qualified for a sentence reduction "from a medical perspective due to his debilitated condition."[4] (Id. at 3). Even though Brown met the medical criteria for compassionate release, the BOP considered other factors including "the inmate's criminal history; any history of supervised release violations; and whether release would pose a danger to the safety of any other person or to the community" and denied the request. Case No. 18-cv-219 (DSD/BRT), [Docket No. 6], 2. On July 17, 2017 the BOP General Counsel concluded that "in light of his lengthy criminal history, including repeated violations while on supervision, his release at this time would pose a risk to the community." Id. at 3. The BOP therefore denied the request. Id.

Brown now challenges that denial of compassionate release. (Case No. 18-cv-221 (JNE/LIB), [Docket No. 1]). He seeks a writ of habeas corpus "directing respondent to reconsider and compassionately release" him from prison. (Id. at 8).

The compassionate release statute explicitly dictates that a federal court "may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. §

---

[3] Brown has also recently filed a civil rights lawsuit in this District, to which he attached the BOP General Counsel's rejection of his request for compassionate release. See, Brown v. Cooper, Case No. 18-cv-219 (DSD/BRT) (filed 2/15/18), [Docket No. 6].
[4] Brown requested compassionate release by seeking "a reduction in sentence (RIS) pursuant to 18 U.S.C. § 3582(c)(1)(A) and 4205(g), section 3(a) ("Terminal Medical Condition") from the Bureau of Prisons." See, Case No. 18-cv-219 (DSD/BRT), [Docket No. 6], 2.

3582(c)(1)(A)(i) (emphasis added). "The Eighth Circuit has not directly addressed whether a prisoner may challenge the BOP's refusal to move for compassionate release by petitioning for a writ of habeas corpus [but the] vast majority of courts directly addressing this issue have concluded that a habeas petition is not the appropriate means to raise challenges related to compassionate release." Waters v. Rios, No. 17-cv-1367 (SRN/DTS), 2017 WL 3668761, *2 (D. Minn. Aug. 23, 2017) (concluding that habeas is not the appropriate vehicle for a challenge to the BOP's denial of compassionate release and listing cases); see, also, Salvagno v. BOP, No. 3:17cv318 (MPS), 2017 WL 5159214, *4 (D. Conn. Nov. 7, 2017) (stating that "[t]he overwhelming majority of district courts also have dismissed habeas corpus petitions challenging the BOP's refusal to move for compassionate release on an inmate's behalf" and listing cases). "In light of the scope and jurisdictional requirements of habeas review, it does not appear that Congress contemplated that a habeas petition be used to raise a compassionate release challenge." Waters, 2017 WL 3668671, at * 3. Accordingly, this Court concludes that it lacks the authority to consider Brown's habeas challenge.

Even setting aside the question of whether § 2241 is the proper vehicle for Brown's claim, the statute is clear that a court may reduce the term of imprisonment only if the BOP makes the request. Courts have generally concluded that the BOP's decision to deny compassionate release is judicially unreviewable.[5] See, e.g., Crowe v. U.S., 430 Fed. Appx. 484, 485 (6th Cir. 2011) (unpublished) (listing cases); Solliday v. Director of BOP, No. 11-cv-2350 (MJD/JJG), 2012 WL 3839340, *9 (D. Minn. July 27, 2012); Gutierrez v. Anderson, No. 6-cv-1714 (JRT/JSM), 2006 WL 3086892 *2, *4 (D. Minn. 2006); Salvagno, 2017 WL 5159214, at

---

[5] The procedure for seeking a compassionate release under § 3582(c)(1)(A) is prescribed at 28 C.F.R. §§ 571.60-63. For a narrative explanation of the procedures, see Salvagno v. BOP, 2017 WL 5159214 *2 (D. Conn. 2017).

*3 (D. Conn. 2017) (stating that "[s]everal Courts of Appeal have concluded that courts do not have the authority to review a refusal by the BOP to file a motion for compassionate release" and listing cases). In other words, according to the statute, the only way for the Court to have the authority to reduce a term of imprisonment is if the request is first <u>granted</u> by the BOP.[6]  The Court therefore recommends **dismissal** of the Petition in the present case without prejudice for lack of jurisdiction.

Having determined that this action should be dismissed pursuant to Rule 4 of the Governing Rules, the Court will recommend that Brown's pending Application to Proceed *in forma pauperis*, [Docket No. 2] be denied and that his request for appointment of counsel (ECF No. 4) be denied as moot.

RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This matter be **DISMISSED** without prejudice for lack of jurisdiction;

2. Petitioner Brown's Application to Proceed *in forma pauperis*, [Docket No. 2],  be **DENIED**; and

3. Petitioner Brown's Request for Appointment of Counsel, [Docket No. 4], be **DENIED** as moot.


Dated: March 29, 2018                               s/Leo I. Brisbois
                                                    LEO I. BRISBOIS
                                                    United States Magistrate Judge

---

[6] This is also the reason the Court has not recommended transfer of the case to the sentencing court.

<u>NOTICE</u>

Filing Objections:  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).